Daniel **JACKSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 87–1316.

District of Columbia Court of Appeals.

Argued March 17, 1989.

Decided April 20, 1989.

Dushan Zdravkovich, Upper Marlboro, Md., for appellant.

Oliver W. McDaniel, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Mary Ellen Abrecht and Colleen Kennedy, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and MACK and STEADMAN, Associate Judges.

MACK, Associate Judge:

An appeal in this case is sought from the order of the Superior Court denying the petition of Mr. Jackson, pursuant to D.C. Code § 24–301(k) (1981), for unconditional or conditional release from St. Elizabeths Hospital. We affirm.

The trial court's order has comprehensively detailed the facts and its findings, and we append, with our approval, that order hereto. Indeed, the judgment of the trial court must survive scrutiny by this court unless it is plainly wrong or without evidence to support it. *DeVeau v. United States*, 483 A.2d 307, 316 (D.C.1984).

One final observation is necessary. In his appeal to this court, it appears obvious that appellant is not so much seeking his release as he is asking that greater efforts be made in his treatment. Indeed, the trial

---

court makes reference to this in its order, expressing the hope that the doctors at St. Elizabeths will forthwith implement a treatment plan for the petitioner that will encourage him to participate in his therapy and will address his medical and psychiatric problems. The court further indicated its readiness to place this case on the calendar for review at a later date in order to ascertain Mr. Jackson's cooperation and assistance in meeting the goals of a treatment program. We commend this offer to the Hospital and to the parties.[1] *See Rouse v. Cameron*, 125 U.S.App.D.C. 366, 373 F.2d 451 (1967).

*Affirmed.*

APPENDIX

SUPERIOR COURT OF THE

DISTRICT OF COLUMBIA

CRIMINAL DIVISION

Criminal No. 41575–77

United States

v.

Daniel Jackson

ORDER

This matter is before the Court on the petition of Daniel Jackson pursuant to 21 D.C.Code § 301(k) for an unconditional release from Saint Elizabeths['] Hospital, or in the alternative, conditional release from said hospital.

On or about March 3, 1969, by order of the United States District Court for the District of Columbia the petitioner was committed to Saint Elizabeths Hospital following a judgment of not guilty by reason of insanity, on a charge of first degree burglary and rape. Subsequently, on or about May 17, 1977, the petitioner, while a patient at Saint Elizabeths Hospital, was arrested for assault with intent to rape a female therapist at the hospital. The petitioner was brought to trial in the Superior Court for the District of Columbia, and was committed to Saint Elizabeth[s] Hospital

following an adjudication of not guilty by reason of insanity.

The petitioner in seeking his release from Saint Elizabeths Hospital proposes that he be placed under the care and custody of the Bureau of Community Services for the District of Columbia with a comprehensive structured plan directed to his physical and mental rehabilitation.

Dr. Fred Berlin, a psychiatrist associated with John[s] Hopkins School of Medicine testified in behalf of the petitioner. Dr. Berlin saw the petitioner on two separate occasions, once in September of 1983, and subsequently in December of 1986. The examination of the petitioner included an extensive personal examination coupled with an examination of the patient's pertinent Saint Elizabeth[s] hospital records. The examination indicated that the petitioner was mentally retarded with a history of mental psychosis which would periodically become delusional and hallucinated. The mental capability of the petitioner was described to range in the level of a person 9 or 10 years of age.

Dr. Berlin further testified that the petitioner's psychotic condition was in remission when he made his examination. In addition, he testified that the petitioner had a clear pattern of substance abuse, and also a pattern suggestive of a difficulty in controlling himself sexually.

There was recognition on the part of Dr. Berlin that the petitioner's behavior in the past was dangerous, but that in recent years it had slackened, and did not pose the kind of behavior problem as in the past.

Dr. Berlin forthrightly indicated that the petitioner was not being attended at Saint Elizabeths Hospital. Upon being queried further the witness would not give his reasons for this conclusion.

During the hearing, Dr. Berlin did not set forth with any degree of specificity, his proposed plan for treatment of the petitioner in the event of his removal and placement in a community setting.

---

1. We note that St. Elizabeths Hospital is now a District of Columbia facility. *See In re Gwendo-*

*lyn Stokes,* 546 A.2d 356, 361 (D.C.1988).

He did indicate that in caring for petitioner the issue of public safety must be paramount, but that the patient should know what the goals of treatment are, and what are the overall plans for accomplishing these goals. He further reiterated that where there is evidence of demonstrated progress then a plan for less restrictive progress would be useful.

Dr. Berlin went on to indicate that a less restrictive treatment facility would be at John[s] Hopkins Hospital where the patient could be placed with other retarded individuals who have somewhat similar problems. In addition to group therapy the petitioner would be treated with Dep[r]o–Provera, and that such treatment would be closely monitored with routine blood tests to determine if it effectively lowered the patient's testosterone, and thus reduce the patient's sexual drive.

In response to the testimony of Dr. Berlin, the government offered Dr. James E. Gaffney, a staff psychiatrist in the John Howard Division of Saint Elizabeths Hospital.

Dr. Gaffney testified as the staff psychiatrist he has treated the petitioner for the past three years.

He related that with regards to the petitioner's current diagnosis, he has a mild mental retardation, organic affective syndrome in remission with medication, and narcissistic personality disorder. In addition to his mental disorders the patient suffers from numerous physical disabilities, and a substantial one being a hearing impairment. Further, any organic affective disorder has been in remission since 1968, and that the petitioner has been continually contained on Thorazine medication. Also, the petitioner was an abuser of alcohol, and due to his excessive indulgence ground privileges have not been available since 1979.

Dr. Gaffney testified that the petitioner has been in most of the treatment programs that are available at John Howard, but that he loses interest, and continually drops out of the programs. It was indicated that at the present time the petitioner is not participating in any of the treatment programs offered at the hospital.

In explanation of the patient inactivity in the programs, Dr. Gaffney explained that the level of petitioner's understanding may be the principal reason for a failure on the part of the hospital to reach the patient with any degree of success.

It was the view of Dr. Gaffney that the petitioner could not reasonably be expected to benefit from any community based program. He indicated that previous exposure to unstructured environment has been disastrous, and until there is a solid basis to go ahead it is reasonable to believe the petitioner if released to the community, could be dangerous to himself and others in the community.

The Court in reviewing the testimony and documents presented during the instant hearing cannot say with any degree of reasonable certainty that the petitioner is mentally capable of residing in a community facility.

Some years ago petitioner was granted ground privileges at St. Elizabeths Hospital, but was unable to cope with the less restrictive status. Upon gaining such privileges the petitioner eloped, and also became an abuser of alcohol.

Just within the past few years St. Elizabeths Hospital implemented a treatment program for the petitioner. The program involved anti-androgen therapy, and individual psychotherapy with special emphasis on sexual psychopathy. The program further included prescribing an anti-androgen medication, specifically Dep[r]o–Provera.

When the program was implemented the hospital informed the Court that the progression of the program is a gradual process, and will require long-term work particularly in individual psychotherapy, and in association with his medical and psychiatric problems.

Unfortunately, the petitioner from all indication has not benefited from such treatment program. The Dep[r]o–Provera medication program was terminated by the hospital, and the petitioner is presently not

involved in any treatment programs at the hospital.

Clearly, if the petitioner cannot bring himself to adequately participate in therapy programs in a structured setting it is highly doubtful that he could participate, and function in a less restrictive community setting.

The petitioner at this point in time has been a patient at Saint Elizabeths Hospital for many years.

On the part of the Court there is a genuine concern that petitioner may be becoming indifferent to his treatment programs. If at all reasonably possible the hospital must guard against this end result. The petitioner's residence at the hospital must not become punitive rather than for treatment purposes. If the former is allowed to occur then the petitioner is doomed to remain in a structured psychiatric facility for a long period of time.

The Court does not mean to underestimate the very difficult task of the hospital staff in working with a patient with the mental and personality problems of the petitioner.

However, in this connection it is noted that the hospital has not indicated to the Court that the petitioner is an untreatable patient.

Accordingly, in view thereof it is hoped that St. Elizabeths Hospital will forthwith implement a treatment plan for the petitioner that will encourage him to participate and also address his medical and psychiatric problems.

The Court will be amenable to setting the case down for review at some later date in order to ascertain the petitioners coopera-tion and assistance in meeting the goals of the program once such program is in place.

The Court on the basis of all the testimony presented at the hearing makes the following finding of fact:

1. Petitioner is mentally retarded, organic affective syndrome in remission with medication, and narcissistic personality disorder.

2. Petitioner has a number of physical disabilities, a substantial one being a hearing impairment.

3. Petitioner is a danger to himself, and others unless maintained in a secure and structured setting.

Based on the testimony presented at the hearing, along with the various hospital records presented, the Court concludes that petitioner has not met his burden of establishing he is no longer suffering from a mental disease or defect, nor has he demonstrated he is no longer dangerous to himself and others as the result of his mental condition.

Accordingly, it is on this 19th day of October 1987,

ORDERED that the petition for release or in the alternative conditional release pursuant to 21 D.C.Code 301(k) be denied.

/s/ Fred L. McIntyre
FRED L. MCINTYRE
Judge